**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　　　**No. CIV-09-0127 LAM/CEG**

**RUDY L. GUEVARA,**

    **Defendant.**

# MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** is before the Court on Plaintiff's *Motion for Summary Judgment and Memorandum in Support (Doc. 6)* (hereinafter "*Motion for Summary Judgment*"), filed on March 17, 2009. No response was filed and the time for doing so has passed. The undersigned United States Magistrate Judge, acting upon consent and designation pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), and having considered the record, relevant law, and being otherwise fully advised, **FINDS**, for the reasons set forth below, that Plaintiff's *Motion for Summary Judgment and Memorandum in Support (Doc. 6)* is well-taken and should be **GRANTED in part** and **DENIED in part**, and judgment shall be entered in favor of Plaintiff.

The United States "seek[s] judgment for the recovery of a defaulted student loan guaranteed by a state or private non-profit guarantee agency and re-insured by the United States Department of Education under loan guaranty programs . . . against Defendant." *Motion for Summary Judgment (Doc. 6)* at 1. Defendant is proceeding *pro se*. On March 13, 2009, Plaintiff filed a letter to Plaintiff's attorney (hereinafter referred to as "*Answer*"), which the Court construes as an answer to Plaintiff's *Complaint* (*Doc. 1*) stating that Defendant received the money at issue, and that his

disabilities have kept him from being able to re-pay the loan. *See* **Answer *(Doc. 8)*** at 1-3. Defendant indicates that he made attempts to consolidate his debt, which he thought would excuse his loan, but Defendant does not provide any documentation of his loan being excused or deferred. *Id.* at 2.

Defendant's *pro se* pleadings must be liberally interpreted. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court should not, however, "assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) (*quoting Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Summary judgment is appropriate only if there is no genuine issue as to any material fact and the [moving party] is entitled to judgment as a matter of law." *See Santana v. City and County of Denver*, 488 F.3d 860, 864 (10th Cir. 2007) (citing Fed. R. Civ. P. 56(c)). The Court must "examine the factual record and draw reasonable inferences therefrom in a light most favorable to the nonmoving party." *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (citation omitted). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *See Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation and citation omitted).

Here, Defendant does not dispute any of the facts in Plaintiff's ***Motion for Summary Judgment***. Under D.N.M. LR-Civ. 56.1(b), "[a]ll material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted." Moreover, the Court notes that, pursuant to D.N.M. LR-Civ. 7.1(b), Defendant's failure "to file and serve a response in opposition to the motion within the time prescribed for doing so constitutes consent to grant the motion." Plaintiff's ***Complaint*** (*Doc. 1*) sets forth in detail, and supports with exhibits, the amount it claims Defendant owes. Defendant has had ample opportunity to dispute Plaintiff's claim but has not done

so. The Court, therefore, finds that Plaintiff is entitled to judgment as a matter of law based on the undisputed facts of the case and viewing the facts in the light most favorable to Defendant.

Defendant asks for summary judgment in the amount of:

1.      $21,823.44 (consisting of $15,197.60 principal and $6,625.84 accrued interest as of November 24, 2008);

2.      Plus interest accruing on the unpaid balance at the daily rate of $2.76[1] from November 24, 2008, until date of judgment;

3.      Plus interest at the legal rate from the date of judgment until judgment is paid in full;

4.      $350.00 (for Court docket fees); and

5.      Costs and other relief the Court deems just and proper.

*See **Motion for Summary Judgment** (Doc. 6)* at 4. The Court may award interest in this case under 28 U.S.C. § 1961(a), at the rate of 0.52%. *See* 28 U.S.C. § 1961(a) ("[I]nterest shall be calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [] the date of the judgment.") (Federal Reserve System interest rates can be found at: http://www.federalreserve.gov/releases/h15/current/); *see also United States v. Distefano*, 279 F.3d 1241, 1243 and 1245 (10th Cir. 2002) (affirming the District Court's award of post-judgment interest in granting the United States' motion for summary judgment for defaulted student loans). The Court, therefore, will award Defendant the following the sums of $21,823.44 (in principal and interest as of November 24, 2008), $488.52 (interest at $2.76 per day

---

[1] The Court notes that Plaintiff relies on a "Certificate of Indebtedness" signed by a "Loan Analyst," for its claim that Defendant's loan was secured at 6.63 percent interest rate. *See **Complaint** (Doc. 1-3)* at Exhibit 2. Plaintiff did not attach a complete copy of the loan documents to either its ***Complaint*** or ***Motion for Summary Judgment***. The Court does not require such proof in this case, since Defendant does not dispute either the amount of the loan or the interest rate as set forth by Plaintiff in its pleadings.

from November 24, 2008 to May 20, 2009), and $350.00 (for Court docket fees), for a total of **$22,661.96**, as well as post-judgment interest at the rate of 0.52% on $15,197.60 (principal) from May 20, 2009 until the judgment is paid in full, computed daily and compounded annually, as set forth in 28 U.S.C. § 1961(b).  Other than the Court docket fee, the Court declines to award Plaintiff further costs in the absence of any amount set forth by Plaintiff for those costs.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Summary Judgment and Memorandum in Support (Doc. 6)* is **GRANTED IN PART** as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff shall recover from Defendant the following amounts, for a total of **$22,661.96**:

1. **$21,823.44** (consisting of $15,197.60 principal and $6,625.84 accrued interest as of November 24, 2008);

2. **$488.52** (interest at $2.76 per day from November 24, 2008 to May 20, 2009);

3. **$350.00** (for Court docket fees).

**IT IS FURTHER ORDERED** that Plaintiff shall recover from Defendant **interest at the rate of 0.52% on $15,197.60** (principal) from May 20, 2009 until the judgment is paid in full, computed daily and compounded annually, as set forth in 28 U.S.C. § 1961(b).

**IT IS FURTHER ORDERED** that all other requests for relief contained in Plaintiff's *Motion for Summary Judgment and Memorandum in Support (Doc. 6)* are **DENIED.**

**IT IS SO ORDERED.**

                                                                   _Lourdes a. Martinez_
                                                                   **LOURDES A. MARTÍNEZ**
                                                                   **UNITED STATES MAGISTRATE JUDGE**
                                                                   **Presiding by Consent**